The next case, number 22-1365, Mattias Plazzi et al. versus FedEx Ground Package System, Incorporated. Attorney Liz Reardon, please go ahead and introduce yourself on the record to begin. Good morning, your honors. I'm Shannon Liz Reardon for the plaintiffs. The district court below made an error in assuming, well, first of all, in believing that federal and apparently state law meant that there could be no injury to the plaintiffs here, and also made an error in not allowing discovery of what the actual injury would be. As a matter of fact, at least one of the plaintiffs did in fact get told by the IRS that he had to pay taxes because they weren't withheld by the employer, and he in fact did make those payments to the IRS. That was after this complaint was filed. This was after our briefing to the district court. The cases upon which the district court relied in just assuming. And what you were saying, is that in the record, or that's not in the record at all? It's not in the record because it happened after our briefing. That we can't consider, that's wrong. Well, the point of this is is that the case law also shows that, well, let me just sort of take you through the case law for a moment just to show you how that result could have occurred, and in fact it occurred, but it's not in the record. Before you do that, can you just help me? Two possible complaints. Complaint A says, we allege that my money was taken, deducted from my check, not for purposes of withholding. And then it was never used to pay taxes. Okay, that's complaint A. Complaint B, I allege my money was taken for purposes of withholding taxes, but then the taxes were not paid. Okay, and also I realized I neglected to ask if I could reserve two minutes for rebuttal. You may. Thank you, thank you. So those are my two different complaints, okay? Do you see the difference between the two? Well, I'm not sure which one this is because what the plaintiff said. You got my question exactly. I'm not sure which one this is either. No, no, because the plaintiff said they were told by the employer that it was for taxes, but then later they found out it wasn't being used for taxes. But that's not, I'm just trying to figure out what the complaint is alleging. So one kind of allegation, which is perfectly legitimate to allege, is my money was deducted for withholding of taxes, and my complaint is it then was not used to pay taxes. A different complaint is my money was deducted not for withholding of taxes, and I'm complaining about that. Your Honor, I don't think there's actually a difference between them. What the complaint here says is that the plaintiffs were told that it was for taxes, but it turns out it wasn't. So they didn't know whether it actually was being withheld for taxes or not. All they know is that the employer told them that it was. Well, are they alleging that the deduction was not for withholding? Well, it wasn't. That's not my question. Are they alleging that the deduction was not for withholding? Well, yes, they are. They were falsely told that it was for withholding and it wasn't for withholding. But the exact amounts that got withheld were what would be the equivalent of what would have been paid taxes. They were not. They had no idea. They had no idea whether that was right. Did they know what their wage would have been and what their tax portion would have been? No, no. Very few people really understand that, and they have accountants and it gets all figured out by rules that are. Well, just humor me so I can get the legal part correct, okay? Suppose the complaint said, we allege that our money was deducted for taxes and then we learned that even though they deducted it for taxes, made it clear they were deducting it for taxes, I don't dispute that they deducted it for taxes. Turns out they didn't pay my taxes. I'd like it back. Can you win if that's what the complaint said? Well, that isn't what the complaint says. That's not my question. I just want to understand the law part. Can you win if that's what the complaint said? You can, and if I can take you through the case law, I would appreciate that. And also, again, I just want to clarify that the complaint does say they were told it was being deducted for withholding. It doesn't say it was deducted for withholding. So, first of all. You're saying you would have needed some discovery to figure out what exactly was upheld and what happened. That didn't occur. Yes, as well as the question about whether the plaintiffs actually ended up sustaining injury, which, in fact, they later did, but we didn't know at the time that this was at the district court. Remember, there's a three-year statute of limitations for a wage claim. It can take years to sort things out with the IRS. So, a plaintiff shouldn't have to wait until they know whether they've suffered final injury. But if I could just take you through this case law for a moment. As cited in our brief, there's a Massachusetts appeals court case, Ian Achilo v. Commissioner of Revenue, 85 Mass. App. Court 1127, 2014 case, expressly says in footnote four that under Massachusetts law, an employee can pursue an employer for taxes that were allegedly withheld for taxes but not actually paid to tax authorities under Massachusetts law. So, putting aside federal law, right there under Massachusetts law, there's a claim, there's no federal statutory bar. The plaintiffs have standing because under Massachusetts law, they were at risk that the Massachusetts Department of Revenue was gonna come after them for that money. If you look at that case, it actually cites two federal cases from the U.S. Tax Court and the Second Circuit, which also say that an employee can go after, no, I'm sorry, those cases also say that an employee can be liable to the IRS when the taxes that were allegedly withheld by the employer were not paid to the government. So, the reason why you have this line of cases is that the line of cases that has misinterpreted slot of. Judge Lynch has got a question. If I might. Seems to me you're recharacterizing what the case is about from what the district court understood. The district court understood this to be more the second type of complaint and the sort of arguments you're making now I think weren't really made to the district court. It's pretty clear as a matter of statute that sums that are withheld for taxes then become held in trust for the tax authorities. It would be a different matter, a different complaint, which you may yet be free to bring if it turns out that the tax authorities say to your clients taxes were never paid. We're going after the employer, but the employer is bankrupt and so now we're turning to you. But that isn't the case that was presented to the district court. And so the district court quite sensibly said looks like you're claiming property, which is a matter of statute, belongs to the tax authorities. And that's your claim and because that is your claim, that claim you can't bring. Maybe you could bring a different claim. Your Honor, if I may, I really would like to go through the case law to explain why the courts have misinterpreted Sladov to say that there is a statutory bar and that employees can't pursue their employer. Before you do that, you were saying even on my characterization of how you pled the case, the district court got it wrong. Yes, the district court got it wrong because what we have claimed is that the plaintiffs were falsely told that the money was being used for taxes and they weren't being used for taxes. So we didn't say that the money was withheld for taxes. We said essentially they were falsely told it would be withheld for taxes. Now, if you look at the- I think you, I don't know why you're getting frustrated. It's just because I think this is very crucial. Okay, go ahead. You're going to be able to get to it, but my questions are going to be really helpful to me to have them answered. So on the question Judge Lynch just asked you, I thought you had said to her as I thought you had said to me that even if we took the complaint in the worst light for you, which is that it alleged that they were withheld for taxes, nonetheless, you could win. Yes, and that's what I want to explain next. Okay, so that doesn't- Right, I'm saying- The falsely told part drops out. Right, I'm saying that the complaint says they were falsely told, so it doesn't say they were withheld for taxes. But even if it did say that, I want to explain to you why they can still pursue this claim. That would be helpful. Okay, so as I just pointed out, this Massachusetts case, Iannicello, says that employees can be liable to the tax authorities for these taxes that aren't paid by their employer. It cites federal cases. Now, there was a line of cases that was cited by the district court, which follows the Supreme Court's Sladov decision to determine that there is a statutory bar on employees seeking remedy against their employer when their taxes aren't paid. But if you look at Sladov, the part of where it says that, it doesn't say that, it doesn't really say that in a way that applies to this situation. That was a case involving a different situation. It wasn't a case by an employee. The court says that if you look at footnote four of the Sladov decision, it makes, basically the statement is dicta and footnote four cites just some cases where the court says, well, generally, we understand that the IRS will give a credit to the employees for taxes that were withheld, even if it wasn't actually paid to the IRS. But if you read those court of appeals decisions at sites, none of them say there's a statutory bar. And then at the end of footnote four, the court actually says, this is at least the administrative practice citing to a brief for the United States. Sladov does not say there is any statutory bar on employees for payment. That's helpful. Could you? 34, if you look at section 3403, which I feel like has been misinterpreted by this line of cases in the district court below, it says that the employer shall not be liable to another person for any such payment, which has to mean for any such payment that's actually made, because in most of those cases, there was a payment made and the plaintiffs were saying that they disagreed with the tax code and so they wanted to get their money back. And if you look at the federal regulation, 26 CFR 31.3403-1, it's even more explicit that it says that it applies to taxes withheld and paid to the IRS. So a case that admittedly was not cited before, and I apologize, but if you look at Noble v. Arabian, 1983 Westlaw 962756, the DEMAS 1983 case says that an employee can recover from an employer when there is an over withholding of taxes by the employer. It's not just something you get back from the IRS. The employee can go after the employer and there is no bar. Judge Lynch mentioned the case law, I think it's case law, that treats money withheld for taxes as being held in trust for the recipient of that payment. How does what you're saying now relate to that authority? Yes, that authority follows from slaughter, which I just described has been over-interpreted to mean that there is a statutory bar. Slaughter doesn't say there's a bar and the statute doesn't say there's a bar. It says that there's a bar when the payment that is made to the IRS. So your view is that under current Massachusetts law, it's not held in trust? What I'm saying is that neither of the cases, Slaughter nor Iannicello. Okay, but just to say, yes, no, if it's held in trust, that seems to cause a problem for you. So is it held? Yeah, no, the held in trust language, I think only follows from Slaughter and that's just incorrect because Slaughter doesn't say that. Any further questions? Counselor, let me ask you, in the complaint, and it's referred to in Judge Casper's opinion, the complaint, it is alleged that plaintiffs received credits under individual tax liabilities for the amounts withheld despite the alleged failure to pay. So that is something that was stated in the complaint. I'm sorry, can you repeat that, Your Honor, and tell me which paragraph you're looking at? I'm looking at page six of Judge Casper's opinion referring to docket one, which I assume it's gotta be the complaint. And that paragraph, I believe it's 25, but it says, plaintiffs moreover received credit under individual tax liabilities for the amounts withheld despite the alleged failure to pay the relevant tax authorities. So if your clients did receive the credits, this is, it's a tax case. I mean, withholding, taxes were withheld and then improperly not paid the tax authority. I mean, that's not a, she doesn't quote from the complaint. We did not state in the complaint that the plaintiffs received tax credits. So where does that come out? It says, see docket, I guess, one to four, paragraph 25. All right, if you give me a moment, I can look up that paragraph. But I think she's citing to the cases, really, and she's melding what we put in the complaint to what the cases say. We didn't actually say that in the complaint. You kept two minutes for rebuttal. Let's do it on rebuttal. Thank you. Okay, okay, thank you. Thank you, counsel. At this time, would Attorney Rucco please introduce himself on the record to begin? May it please the court. My name is Brian Rucco and I represent Defendant FedEx Ground. I want to be clear. Based on plaintiff's own allegations, there has been no wage theft. Plaintiffs made three key allegations in their complaint. That Aloha delivery told them that it was withholding taxes equaling 23%. Plaintiffs were then paid their total compensation, minus 23%. And third, the basis of plaintiff's claim is that the money was allegedly, quote, not, in fact, delivered to state and federal tax authorities. That is not wage theft. If there was any theft, it was theft against the government by Aloha delivery. But plaintiffs have zero entitlement to this money. And that would be under the Reuter case, recent case from the, I guess, SJC? No. So the Reuter case is an apposite here. That says that the Massachusetts Wage Act provides a private rate of standing when the employer does not pay wages when those wages are paid. Okay, no, but the Reuter case is an opposite because it speaks about withholding wages or not paying the wages. That you can assume, but it doesn't talk about taxes, correct? It does not speak about taxes. So the Reuter case would, and it's the site in your brief, it benefits you because, from your point of view, plaintiffs are not talking about wages. They're talking about taxes that was withheld. Right. And, your honors, I want to clarify that FedEx Ground stated seven times in its brief that there was no dispute that the 23% was the amount required to be withheld for taxes, and plaintiffs never contested that. FedEx Ground was as explicit as saying, this 23% equals plaintiff's appellant's estimated tax liability for 2020, and plaintiffs do not allege otherwise. Do you want to comment on your opponent's recounting of the case law in Sladov, which the argument is, I think, that under federal law, Sladov itself doesn't hold, that even when they're, even on your reading of the complaint, there's no possibility of recovery, and that I think the contention was that the line of authority under Massachusetts law relied on Sladov wrongly to conclude otherwise, but I wasn't quite sure whether the contention was that Maslow did do that, and then we'd be bound by it, or whether the contention was that Maslow hasn't really come to rest on that conclusion. And it's just a misunderstanding, Sladov, if you could just comment on that set of arguments. So Sladov, the Supreme Court was clear that money, I'll quote from Sladov, once net wages are paid to the employee, the taxes withheld are credited to the employee regardless of whether they are paid by the employer, so that the IRS has recourse only against the employer for their payment. It is part of the administrative system for how taxes work in this circumstance. So the tax code requires employers to withhold taxes under 26 U.S.C. 3102. They cannot give this money to employees. Employers withhold taxes for each pay period and then remit that money on a biweekly, monthly, or quarterly basis to the government, and as the Supreme Court explained, and other courts have confirmed, employees are credited when the money is withheld or when net wages are paid to the employee. The W-2 form is just a record of what withholdings were made, but sometimes employees do not receive a W-2. That is not uncommon. And there is a simple administrative solution. The employee files taxes, which he or she is legally required to do, whether or not the employee receives a W-2, and includes a one-page form called Substitute for W-2. An employee either fills out a form confirming what their W-2 says, or they fill out a Substitute for Form W-2. And then the employee receives a refund if he or she is owed one. The new comment made today about one of the plaintiffs potentially having to pay taxes does not make sense under that administrative system, and if something didn't go wrong,  It was also unclear from that comment what the circumstances were. It's possible that the employee had an underwithholding for their tax liability. If an employer is underwithholding and the employee's tax obligation is larger, employees in any circumstance have to pay money at tax filing season instead of getting a refund. As a result of this administrative procedure, which is created in part by the statutory bar, there is no injury to the employee. If anyone is injured, it is the government, and plaintiffs do not have standing to sue based on an injury to the government treasury. Let me ask you, what I ask counsel, if you know it off the top of your head, did they, from the record, they receive credit for the amounts withheld with the tax authorities, or? That is the procedure of the IRS, and it's been confirmed by the Supreme Court, and multiple cases. But in Judge Casper's opinion, she says moreover, plaintiffs receive credits. So are you aware of that happened, or was that in the complaint, or where does that come up from? Judge Casper spoke about that. That is because that is what always happens. Every court that has addressed this has said that employees receive credit once net wages are paid to the employee. There is no case law or administrative. No, but she says that by the time of her opinion, you know, they received in the past tense, so they, you know, and it refers to, I guess, docket D-1-4, at least that's docket one to four. And that's because, as Slodov described it, once the net wages are paid to the employee, they are credited. That's just by operation of law, is the idea? Yes, and how the administrative system functions. So it's, they are credited at that point. And I want to make sure that Judge Lynch is able to, let's see, yes, the screen changed. Judge Lynch, can you still hear us? Judge Lynch, can you? For some reason, I disappeared. I am now back. Okay. Thank you. Thank you. So in addition, if plaintiffs are arguing, which they have, so plaintiffs have not contested before that this amount was required to be withheld. If they are, there's a different statutory bar in 26 U.S.C. 7422, which bars claims for erroneously or illegally assessed or collected taxes, taxes allegedly collected without authority or any sum alleged to have been excessive or in any matter wrongfully collected. Once taxes are collected, held in trust of the government and given to the government, it's the administrative tax code and the refund system is how plaintiffs receive money if there was an overwithholding of the amount. So there's no allegation here of overwithholding tax money? No. No. Further, the Massachusetts Wage Act does not create a private right of action in this circumstance. The purpose of that statute is to help individuals collect money that is owed to them. It is not a tax collection statute. Council, normally, in a case like this, if we have no Article III jurisdiction, that ends the matter and we don't address a 12B6 argument, whether that argument can be made in the state court, you know, it just isn't of our concern. There are a series of First Circuit cases that say at this point, the case really ought to be a removed case if we have no Article III jurisdiction, ought to be remanded to the state court. It may be that the state's standing requirements are different, I don't know. But why would we want to get into that issue? Well, Your Honor, remand would be inappropriate because remand would prove futile. So the First Circuit held in Hudson Savings Bank versus Austin that remand is not appropriate if it's futile. The statutory bar would still apply in a Massachusetts state court. Further, plans have no standing under Massachusetts law either. The Massachusetts Supreme Judicial Court held in League Defense Fund versus Fisheries and Wildlife Board that to have standing in any capacity, a litigant must show that the challenge to action has caused the litigant injury. Do you know what we're supposed to do in the event we thought there was an Article III problem because the right understanding was that it was in trust, there's no property interest, which I understand your opponent can test. But if we were of that view, we then have no Article III standing. Does that, how does that relate to remand? Because it seems a little puzzling we have no Article III standing. Then we decide the merits of the action to determine whether to remand. Because you're saying that that's what we would have to do because we can't remand if it's futile, which would require us to pass on the merits. Yet we would have just determined that there's no Article III standing in federal court. Then having decided that, we now go to decide the merits. Seems strange. Yes, Your Honor. I will defer to the court on making that decision. I think that because remand would be futile, the court shouldn't remand, but I will defer to your judgment on that. Okay. Anything further or that's all? I have no further questions. Okay. Any further questions? No. Thank you. Thank you, counsel. At this time, would Attorney Liss-Riordan please reintroduce herself on the record? To begin, she has two-minute rebuttal. Yes, Shannon Liss-Riordan again. So a couple of things. First of all, this case is in diversity. That's why it's here, by diversity. And to your question, Judge Gelphi, I looked at- What's the significance of that? I was just, I think there was a talk about remand because there may not be subject matter jurisdiction as what I thought the discussion was about. Article III jurisdiction. Right, okay. If I could just, because I have limited time, Judge Gelphi, the paragraph 25 of our complaint that you were referring to says, Mr. Prado paid plaintiffs each week via an electronic payment application known as Zelle. Mr. Prado made Zelle transfers with plaintiff's bank accounts and told them that he was withholding taxes equaling 23% of their gross pay for the week. That is what the district court was citing when she said that they were credited for that. We did not allege that they were credited for it. And Judge Barron, if I can just, I just want to clarify, I think, a point I made, I just want to make sure you made this clear. The Iannicello case from the Massachusetts Appeals Court expressly says in footnote four that under Massachusetts law, there is no bar from the tax authorities going after the employee for taxes that should have been made by the employer. So whatever you say about my interpretation of these federal cases, under Massachusetts law, it is clear that the plaintiffs are still at risk of having the tax authorities come after them even if the money was held in trust, even if the money was supposed to be paid to the government, it wasn't. So there is a possibility. Let me just understand the import of that. To you, that then creates the injuring fact that gives us Article III standing, is the idea? Yes, yes. And if there's any concern or uncertainty by this court about what that means and how that relates to whether there's a wage claim here, the court could consider certifying it to the Massachusetts Supreme Judicial Court as the court recently did in the Patel versus 7-11 case when there was a claim of a state statute arguably being preempted by federal law. It got sent to the SJC. And then last question, in the event we did think there was an Article III standing problem because there was no injury in fact, which would mean it wouldn't matter if it was in diversity, we still couldn't hear the case. In the event that we were of that view, do you have a position as to what we were supposed to do with respect to remanding or not? Well, I mean, I think the district court erred in not allowing there to be discovery to see if there was in fact injury in fact. But I mean, I think it should be remanded to at the least determine if there was injury in fact. I'm sorry, but I meant remanded to the state court rather than us just dismissing it. Do you have any view about that? Oh, well, I mean, I'd leave it to the court. I think, but if I could just clarify because I think I was unclear or Your Honor didn't understand what I was saying about the slot of. So Iannicelli says that clearly under Massachusetts law. I just pointed out that it also cited to federal cases that likewise said that the IRS can go after employees even when an employer withheld taxes. And the cases that I said that misinterpreted slot of it, I wasn't saying that Iannicelli did. I'm saying that the other line of cases. I appreciate it, thank you. Right, right, misinterpreted slot of and said there was a statutory bar when that's not in the case. Thank you. Any further questions? No. Thank you. Okay, thank you, Your Honors. That concludes argument in this case.